## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. KESSINGER et al.
### No. 1514.

Court of Civil Appeals of Texas. Waco.
June 14, 1934.

Richard & A. P. Mays, of Corsicana, for appellant.

Davis, Jester & George, of Corsicana, for appellees.

ALEXANDER, Justice. ·

Mrs. F. H. Kessinger, joined pro forma by her husband, brought this suit against the St. Louis Southwestern Railway Company of Texas to recover the value of certain household goods and wearing apparel delivered to the defendant at Corsicana for shipment to Mrs. Kessinger at Longview. The plaintiffs alleged that the defendant converted said freight to its own use and failed and refused to safely and promptly transport and deliver same as per the contract, and that by reason thereof plaintiffs were entitled to recover the value of said property. The case was tried before the court ·without a jury, and resulted in judgment for the plaintiff for the sum of $201. The defendant appealed.

 It is appellant's contention that the freight in question was promptly transported by it from Corsicana to Tyler; and from thence to Longview by its connecting carrier, the Southwestern Transportation Company; that upon arrival of the freight at Longview the consignee, after proper notice, failed to call for same, and as a result said freight was stored as required by law. It now offers to deliver the freight upon payment of the storage charges, and here contends that under such circumstances it cannot be held for conversion of the property. On the other hand, Mrs. Kessinger and various other witnesses testified that they made repeated demands at the office of said connecting carrier at Longview for delivery of said freight, and that the agent in charge denied having received same. Two of said witnesses testified that said agent finally admitted having received the freight, but claimed to have delivered the same to a negro for storage, and that said negro was then using a part of the household goods; that said agent promised to have said property ready for delivery the following day, but when called upon for that purpose the next day he denied having received the freight. Like demands for delivery of said

freight were made upon appellant at its office at Tyler, but with no avail. Mrs. Kessinger and others representing her claimed to have sought delivery of said freight over a period of several months. The trial court found that Mrs. Kessinger made repeated demands upon the appellant and its connecting carriers and associates for delivery of said freight, but that they each refused and still refuse to deliver same. The evidence is sufficient to sustain these findings of the trial court, and same are therefore binding on this court. Under the findings of the trial court the defendant was liable in conversion for the value of the goods in question. 8 Tex. Jur. 293; Panhandle & S. F. Ry. Co. v. Talmage (Tex. Civ. App.) 206 S. W. 862.

The trial court found that some of the articles of wearing apparel and household goods sued for were secondhand and slightly used, and that their market value, if any they had, would not adequately compensate appellees for the loss sustained by them. Consequently the court allowed a recovery for the actual or intrinsic value of such articles. The trial court did not err in this respect. 13 Tex. Jur. 156; Dallas Hotel Co. v. Blanchette (Tex. Civ. App.) 246 S. W. 1065, par. 5.

The judgment of the trial court is affirmed.